**IN THE UNITED STATES BANKRUPTCY**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

IN RE: **Shelton Antoine Burton**                    **Case No.: 10-20691**
       **Shelandra Levette-Burton**                  **Chapter 11**
       **Debtors**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEBTORS' PROPOSED PLAN OR REORGANIZATION

The Debtors, Shelton Burton and Shelandra Levette-Burton, by and through their

undersigned attorney, L. Jeanette Rice of Walsh, Becker, Moody & Rice, file this Plan of

Reorganization (the "Plan"), pursuant to the provisions of Chapter 11 of the United States

Bankruptcy Code, 11 U.S.C. § 101, *et seq*. and, upon entry of an Order of Confirmation,

agree to be bound hereby:

## ARTICLE I
## DEFINITIONS

For purposes of this Plan, unless the context otherwise requires, the following

terms (or those found elsewhere defined in this Plan) shall have the respective meanings

hereinafter set forth:

1.1.  "Administrative Expense Claim" shall mean any claim arising or accruing on
or after the Petition Date which is entitled to Priority Status pursuant to §§ 503(b) and
5087(a)(1) *et seq*. of the Bankruptcy Code.  Administrative Expense Claim includes
Claim of persons, such as attorneys, accountants and other professionals, retained and
entitled to compensation and reimbursement in the Chapter 11 case to §§ 327m 328, 330,
331 and 503(b) of the Bankruptcy Code.

1.2.  "Allowed Amount" or "Allowed Claim" shall mean (a) the amount of a
Claim for which a proof of Claim has been filed, or amended if necessary, with the
Bankruptcy Court by the Bar Date, to which no objection has been interposed, and which
is not a Disputed Claim under the Plan, (b) if no proof of Claim is timely filed, the
amount of any Claim listed in the Schedules, including any timely amendments thereto,
which is not listed as disputed, contingent or liquidated as to amount, unless such a

1

Disputed Claim under the Plan, and (c) if an objection to the allowance of any Claim has been filed, or if such Claim was designated a Disputed Claim under the Plan, the amount of such Claim allowed by Final Order of the Bankruptcy Court or by agreement of the Debtor.

1.3. "Allowed Secured Claim" shall mean that portion of an Allowed Claim which is secured by a properly perfected, non-avoidable lien or security interest in property of the estate to the extent of the value of that property relative to the priority of the lien or security interest asserted relative to any other Allowed Secured Claim in the same property or estate.

1.4. "Bankruptcy Code" shall mean the Bankruptcy Abuse Prevention and Consumer Protection Act of 1978, as amended from time to time, and codified at 11 U.S.C. §§ 101 et seq.

1.5. "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Maryland, Greenbelt Division, or any other court having jurisdiction over the Debtor's Chapter 11 Case or any proceeding arising under or arising in or related to the Debtor's Chapter 11 Case.

1.6. "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure currently in effect, as amended.

1.7. "Bar Date" shall mean the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3) as the date by which Claims which must be filed shall be filed, failing which such Claims may be disallowed for purposes of voting or distribution.

1.8. "Cash Distributions" shall mean the cash payable from Cash Flow to Classes of Claims other than Administrative Expense Claims entitled to payment under the terms of the Plan.

1.9. "Cash Flow" shall mean all Revenues after payment of Administrative Expense Claims and ordinary current term expenses of the Debtor, including salaries and self-employment income.

1 .10. "Chapter 11 Case" shall mean the Chapter 11 case of Shelton Antoine Burton and Shelandra Levette-Burton, Case No.: 10-20691.

1.11. "Claim" shall mean:
(a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or

(b) a right to an equitable remedy for breach of a performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy

2

is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.12.   "Claims Distribution Fund" shall mean the Debtors in Possession account for Cash Distributions maintained by the Debtors and funded by all Cash Flow of the Debtors existing or realized after the Petition Date.

1.13.   "Class" shall mean a Claim or Interest or a group of Claims or Interests consisting of those Claims or Interests which are substantially similar to each other, as classified under the Plan, or a Claim or Interest or a group of Claims classified by amount as may be reasonable and necessary as Administrative Convenience Claims, or a group of Claims or Interests which are otherwise required to be separately classified.

1.14.   "Confirmation Date" shall mean when the Confirmation Order becomes a Final Order.

1. 15.   "Confirmation Order" shall mean the order of the Bankruptcy Court confirming the Plan under § 1129 of the Bankruptcy Code.

1.16.   "Creditor" shall mean any entity which holds a Claim against the Debtor.

1.17.   "Debt" shall mean a liability on a Claim.

1.18.   "Deficiency Claim" shall mean a Claim arising from any Outstanding Debt owed by the Debtors which exceeds any Allowed Secured Claim of any consensually secured creditor, if any entitled to make an election pursuant to Section 1111(b)(2) of Title 11, and therefore required to be presented with statutorily prescribed treatment under Section 1123(a)(4) than any Allowed Unsecured Claim, or any Allowed Secured Claim of a statutory or judicial lien creditor.

1.19.   "Disallowed Amount" shall mean, with respect to any particular Disputed Claim, that amount which is equal to the difference, if any, between the Face Amount of such Disputed Claim and the Allowed Amount thereof.

1.20.   "Disputed Claim" shall mean any Claim for which an Allowed Amount has not yet been determined or a Claim as to which an Allowed Amount is not disputed, but rather the allowed status is disputed, such as the difference between a secured claim versus an unsecured claim.

1.21. "Disallowed Claim" shall mean a Claim that has been objected to pursuant to 11 U.S.C. § 502, and which has not been ruled upon to be an Allowed Claim thereafter, or a Claim that is otherwise declared not an Allowed Claim by the Bankruptcy Court based upon a contested matter or adversary proceeding.

1.22. "Disputed Claims Procedure" shall mean that procedure applicable to any

Disputed Claim under the Plan or any Claim against which an objection may be filed, which procedure shall require the retention of Cash Distributions by the Debtors in the Claims Distributions Fund adequate in an amount necessary to satisfy such Disputed Claim or Disputed Claims to the extent of available Cash Distributions.

1.23. "Effective Date" shall mean 30 days following the Confirmation Date, or the next business day thereafter if such date would be a holiday or weekend.

1.24. "Equity Interest Holder" shall mean the individual Debtors.

1.25. "Estate" shall mean when referenced the custodial mechanism of the Debtors for tendering distributions in the order of priority as required by this Plan; namely, to Classes of Allowed Claims such as Priority Claims, Administrative Convenience Claims, Deficiency Claims or Unsecured Claims in such priority and order.

1.26. "Face Amount" shall mean, with respect to a particular Claim:
(a) if the holder of such Claim has not filed a proof of Claim with the Bankruptcy Court by the Bar Date, the amount if any, for which such Claim is listed in the Schedules as fixed, undisputed, noncontingent and liquidated; or

(b) if the holder of such Claim has filed a proof of claim with the Bankruptcy Court by the Bar Date, the amount stated in such proof of Claim, unless such Claim is a Disputed Claim; or

(c) with respect to an Administrative Expense Claim in the form of an application for allowance of compensation or reimbursement of expenses of Professional Persons filed and pending in the Bankruptcy Court, the net amount to which such professional would be entitled if its application were to be granted in full.

1.27. "Final Order" shall mean an order of a court from which the time for appeal and reconsideration under Bankruptcy Rules 8002 and 9023 has expired without the commencement of an appeal or request for reconsideration, or an order of a court as to which an appeal or reconsideration has been taken, and where such order has been affirmed by appeal, or, in the case of reconsideration, such request for reconsideration has been denied, and no appeal from such denial of the request for reconsideration has been taken.

1.28. "Impaired" shall refer to any Class of Claims or Interests treated under the Plan in such a manner as described pursuant to § 1124 of the Bankruptcy Code.

1.29. "Interest" shall mean the ownership interest(s) held by an Equity Interest Holder.

1.30. "Outstanding Debt" shall mean the Allowed Amount owed by the Debtors to any secured creditor.

1.31. "Petition Date" shall mean May 12, 2010, the date the Debtors voluntarily commenced her Chapter 11 Case pursuant to the provisions of the Bankruptcy Code.

1.32. "Plan" shall mean this Plan of Reorganization, and any and all modifications or corrections hereof or amendments or supplements hereto.

1.33. "Priority Status" shall mean the priority in distribution which is afforded to Certain Claims against the Debtors pursuant to § 507(a) of the Bankruptcy Code.

1.34. "Professional Persons" shall mean persons retained or to be compensated pursuant to §§ 327, 328, 330, 331 and 503(b) of the Bankruptcy Code.

1.35. "Pro-Rata" shall mean:
(a) with respect to Allowed Claims, the same proportion that the Allowed Amount of a Claim of a Creditor in any Class of Claims bears to the aggregate of: (i) the Allowed Amount of all Claims of that particular Class of Claims or other Classes of Claims if applicable; plus (ii) the aggregate Face Amount of all Claims which are subject to dispute as of the Confirmation Date of that particular Class of Claims or other Classes of Claims if applicable, as reduced from time to time as and to the extent that the Disallowed Amount of such Claims is determined, and

(b) with respect to Disputed Claims, the same proportion that the Face Amount of a Disputed Claim of a creditor in any Class of Claims bears to the aggregate of: (i) the Disputed Amount of all Claims of that particular Class of Claims or other Classes of Claims if applicable; plus (ii) the aggregate Face Amount of all Claims which are subject to dispute as of the Confirmation Date of that particular Class of claims or other Classes of Claims if applicable, as reduced from time to time as and to the extent that the Disallowed Amount of such Claims is determined.

1.36. "Real Properties" shall collectively mean those real properties scheduled by the Debtors in which the Debtors owned an interest respectively on the Petition Date, and which are listed as on Exhibit B.

1.37. "Revenues" shall mean all income received by the Debtors after the Petition Date.

1.38. "Schedules" shall mean the schedules of assets and liabilities, and statement of financial affairs, as may be amended, filed by the Debtors with the Bankruptcy Court in the Chapter 11 Case. Such Schedules may be amended by the Debtors at any time.

1.39. "Secured Creditor" shall mean the holder an Outstanding Debt and an Allowed Secured Claim.

1.40. "U.S. Trustee" shall mean the Office of the United States Trustee in Greenbelt, Maryland.

1.41. "Unsecured Claim" shall mean a Claim which is not an Administrative Expense Claim, an Allowed Secured Claim, an Allowed Deficiency Claim, an Administrative Convenience Claim, or a Claim otherwise entitled to Priority Status, if any, and is equivalent in priority to a Deficiency Claim.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1. Class 1.     All allowed claims entitled to priority under § 507 of the Code

(except administrative expense claims under § 507(a)(2), and

priority tax claims under § 507(a)(8)).

2.2. Classes 2-25. Secured claims to the extent allowed as a secured claim under §

506 of the Code.

2.3. Class 26.   All unsecured claims allowed under § 502 of the Code.

2.4. Class 27.  Equity Interest Holders: The interests of the individual Debtors in

property of the estate.

## ARTICLE III
## TREATMENT OF CLAIMS AND INTEREST UNDER THE PLAN

**A.  General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interest in various classes according to their right to priority of payment as provided in the Bankruptcy Code.  The Plan states whether each class of claims or interest is impaired or unimpaired.  The Plan provides the treatment each class will receive under the Plan.

**3.1. Unclassified Claims**.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

**3.2.** ***Priority Tax Claims***.  Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Bankruptcy Code.  There are no Priority Tax Claims.

**3.3.** ***Administrative Expense Claims***.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan , in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

**3.4.** ***United States Trustee Fees***.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

The following chart lists the Debtors' estimated administrative expenses and their proposed treatment under the Plan:

| **Type** | **Estimated Amount Owed** | **Proposed Treatment** |
|---|---|---|
| Professional Fees, as approved by the Court. | **$15,000 (Estimated)** | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | **$0.00** | N/A |
| Office of the U.S. Trustee Fees | **$0.00** | Paid as incurred |
| TOTAL | **$15,000 (Estimated)** | |

**3.5. *Class 1: Classes of Priority Unsecured Claims***.

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment. Debtors have no Priority Unsecured Claims.

**3.6. *Classes of Secured Claims and Interests***.

Allowed Secured Claims are claims secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtors' secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 2 | *BAC Home Loan Svc Lien Line of Credit on 7229 Lansdale Street, District Heights, MD 20747 – Third lien.* | **No** | **Not Impaired** | Loan forgiven by Bank of America. Certificate of Satisfaction filed in the Circuit Court for Prince George's County, Maryland at Liber 34365 Folio 603 on February 5, 2013. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 3 | *BAC Home Loan Svc Mortgage on 609 Hillview Road, Baltimore, MD 21225 – First mortgage.* | **No** | **impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $193.27 per months (30 year amortization of principal of $35,000 at 5.25% interest).  In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 4 | *Specialized Loan Servicing Lien on 2804 Eastshire Drive, Baltimore, MD 21230.  First mortgage.* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $201.18 per months (30 year amortization of principal of $36,443.00 at 5.25% interest).  In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 5 | *Bank of America Lien on 12706 Macduff Drive, Ft. Washington, MD 20744 (Primary Residence) – Second mortgage* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $393.80 per months (30 year amortization of principal of $71,314.54 at 5.25% interest).  In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 6 | *Bank of America Lien on 2130 Park Ave, Baltimore, MD 21217. Line of Credit.* | **No** | **Impaired** | Lien to be stripped off and claim treated as general unsecured due to lack of equity to support lien.  Property valued at $62,000.00 with senior liens of $81,407.00. |
| 7 | *Bank of America Lien on 7229 Lansdale Street, District Heights, MD 20747 – 2nd mortgage.* | **No** | **Impaired** | Lien to be stripped off and claim treated as general unsecured due to lack of equity to support lien.  Property valued at $65,000.00 with senior liens of $109,202.19. |
| 8 | *Bank of America Lien on 5920 Ottawa Street, Oxon Hill, MD 20745.  Second mortgage - line of credit.* | **No** | **Not Impaired** | Loan forgiven by Bank of America. Certificate of Satisfaction filed in the Circuit Court for Prince George's County, Maryland at Liber 34304 Folio 313 on January 18, 2013. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 9 | *EMC Mortgage Lien on 902 Chauncey Ave, Baltimore, MD 21217. Second mortgage.* | **No** | **Impaired** | Debtors will surrender the property in full satisfaction of the debt. |
| 10 | *FNMA/Seterus Lien on 2130 Park Ave, Baltimore, MD 21217. First mortgage.* | **No** | **Impaired** | Monthly payments of $283.64 beginning 30 days after the Effective Date for a period of 258 months principal of $46,840.35 at 4.5% interest. In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 11 | *FNMA/Seterus Lien on 528 Richwood Ave, Baltimore, MD 21212. First mortgage.* | **No** | **Impaired** | Monthly payments of $256.70 beginning 30 days after the Effective Date for a period of 258 principal of $42,391.20 at 4.5% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 12 | *Greentree Servicing LLC. Lien on 12706 MacDuff Drive, Ft. Washington, MD 20744 (Primary Residence). First mortgage.* | **No** | **Impaired** | Monthly payments are current and will continue pursuant to the original loan terms. Arrears of $4,652.53 are reported on the proof of claim. Debtors intend to file an objection to the proof of claim with respect to the amount of arrears. If Debtors' objection is not sustained, Debtors will pay the arrears at $387.71 per month for period of 12 months. In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 13 | *Bank of New York Mellon Trust Company c/o GMAC Mortgage LLC Lien on 3226 Brendan Ave, Baltimore, MD 21213. First mortgage.* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $165.66 per months (30 year amortization of principal of $30,000 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 14 | *GMAC Mortgage Lien on 5017 Midwood Ave, Baltimore, MD 21212. First mortgage.* | **No** | **Impaired** | Debtors will surrender the property in full satisfaction of the debt. |
| 15 | *PNC Mortgage Lien on 5920 Ottawa Street, Oxon Hill, MD 20745. First mortgage.* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $342.37 per months (30 year amortization of principal of $62,000.00 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 16 | *PNC Mortgage Lien on 407 Seagull Ave, Baltimore, MD 21225. First Mortgage.* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $165.66 per months (30 year amortization of principal of $30,000 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 17 | *Nationstar Mortgage Lien on 2420 Callow Ave, Baltimore, MD 21217. First Mortgage.* | **No** | **Impaired** | Debtors will surrender the property in full satisfaction of the debt. |
| 18 | *Nationstar Mortgage, LLC Lien on 2500 Brookfield Ave, Baltimore, MD 21217. First Mortgage.* | **No** | **Impaired** | Debtors will surrender the property in full satisfaction of the debt. |
| 19 | *SunTrust Mortgage, Inc. Lien on 902 Chauncy Ave, Baltimore, MD 21217. First Mortgage.* | **No** | **Impaired** | Debtors will surrender the property in full satisfaction of the debt. |

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 20 | *Wells Fargo Home Mortgage* *Lien on 7229 Lansdale Street, District Heights, MD 20747.  First Mortgage.* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $705.64 per month (30 year amortization of principal of $127,787 at 5.25% interest).  In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |
| 21 | *Wells Fargo* *Lien on 12706 MacDuff Drive, Ft. Washington, MD 20744 (Primary Residence) 3rd lien.* | **No** | **Impaired** | Lien to be stripped off and claim treated as general unsecured due to lack of equity to support lien.  Property valued at $229,000 with senior liens of $285,645.46. |
| 22 | *St. Mark's Evangelical Lutheran Church* *Ground rent* | **No** | **Not Impaired** | Claim will be paid in full at the rate of $45.00 for 1 month. |
| 23 | *Prince George's County property taxes.  Proof of claim # 22.* | **No** | **Impaired** | Debtors intend to file an objection to this proof of claim if not withdrawn by the creditor.  If Debtors are not successful in the objection to the proof of claim, the claim will be paid in full at the applicable interest rate over 60 months. |
| 24 | *Prince George's County property taxes.  Proof of claim # 23.* | **No** | **Impaired** | Debtors intend to file an objection to this proof of claim if not withdrawn by the creditor.  If Debtors are not successful in the objection to the proof of claim, the claim will be paid in full at the applicable interest rate over 60 months. |
| 25 | *Prince George's County property taxes.  Proof of claim # 24.* | **No** | **Impaired** | Debtors intend to file an objection to this proof of claim if not withdrawn by the creditor.  If Debtors are not successful in the objection to the proof of claim, the claim will be paid in full at the applicable interest rate over 60 months. |

### 3.7.    *Classes of Priority Unsecured Claims*

Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes.  The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim.  However, a class of holders of such claims may vote to accept different treatment.

The following chart lists all classes containing claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
|         | None        |            |           |

### 3.8.    *Classes of General Unsecured Claims*

General unsecured claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code.

The following chart identifies the Plan's proposed treatment of the Class containing general unsecured claims against the Debtor:

### 3.9.  **Class 26– Allowed Unsecured Claims**. Class 26 Claims are Impaired and shall be paid their Allowed Unsecured Claims Pro Rata over five years (5) years in adjustable annual installments commencing on the first anniversary of  Effective Date without interest. Upon the entry of a Confirmation Order (to the extent the Court so Orders pursuant to 11 U.S.C. § 1141(d)(5) on separate request), the Class 26 Claims shall be discharged pursuant to 11 U.S.C. § 1141(d)(3)(A), (B) inasmuch as the Plan does not contemplate the liquidation of all or substantially all of the property of the estate, and inasmuch as the Debtors will engage in business after consummation of the Plan. Otherwise, to the extent the Court does not approve a request for early discharge contemporaneous with the Confirmation Order; the Debtors shall receive a discharge at the conclusion of all payments under the Plan.

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 26 | General Unsecured Claims | Impaired; claims in this class are entitled to vote on the Plan | Annual payments beginning on the first anniversary date of the Effective Date of the Plan as follows:<br>Year 1:  $6,800.00<br>Year 2:  $6,800.00<br>Year 3:  $6,800.00<br>Year 4:  $6,800.00<br>Year 5:  $6,800.00<br>Total Paid: $34,000.00 |

**3.10.  Class 27 – *Equity Interest*.**  This class is Impaired.  The Equity Interests of the Debtors shall receive no property or money on account of their pre-petition Equity Interests until and unless all Allowed Claims in their Face Amount are, as provided by the Plan, paid in full from Cash Flow. The Equity Interests shall be acquired anew by new capital contributions of new value upon the Confirmation Date and thereafter consisting of payments to be made under the Plan from continued business engaged in after consummation. Such payments to creditors holding Allowed Claims shall consist of money or money's worth actually paid by individual debtors. To the extent a creditor or party in interest desires an evidentiary hearing on the market value of the Debtor's interest in themselves, any objection to confirmation of the Plan should so state or forever be waived. Further, the Debtors contend that post-petition income remains new value notwithstanding the statutory amendments to Section 1115(a)(2) of Title 11.

Upon confirmation of this Plan, the Debtors shall retain all of their property, including all real estate, personal property, vehicles, animals, equipment, fixtures, furniture and furnishings, inventory, accounts, contract rights and leases, except as

otherwise provided herein. All such property shall be retained by the Debtors subject to the liens as described herein.  The Debtors shall be free to operate their businesses without restriction and to use, sell or otherwise dispose of their property, or obtaining financing in a manner not inconsistent with this Plan or any Order issued by the United States Bankruptcy Court.

**3.11.** *Disputed Claims*.  Disputed Claims are not allowed for the purposes of voting or treatment, but shall be subject to the Disputed Claims Procedure. If a Disputed Claim becomes an Allowed Claim, it will receive treatment as has otherwise been provided in this Plan based upon its classification. If a Disputed Claim becomes a Disallowed Claim, then it shall not receive any treatment, and any payments tendered to it prior it becoming a Disallowed Claim shall be returned to the Debtor.

**3.12.** *Other Claims*.  Any Class of Claims entitled to timely elect treatment pursuant to § 1111(b)(2) of the Bankruptcy Code shall receive treatment as required by law. Further, nothing in this Plan shall be deemed to preclude any Class of Claims entitled to elect treatment pursuant to § 1111(b)(2) of the Bankruptcy Code from timely making such election.

<u>**ARTICLE IV**</u>
<u>**MEANS OF EXECUTION OF PLAN**</u>

4.1. This Plan is a reorganizing plan under § 1129(a) and (b) of the Bankruptcy Code and is materially premised upon Cash Distributions from the Claims Distribution Fund to Classes of Claims in accordance with the priorities and terms identified in Articles III and IV of the Plan to be derived from Debtor's Revenues.

4.2. Except as otherwise specifically provided in this Plan, upon the Confirmation Date, title to all remaining property of the Debtors Chapter 11 estate, including, but not

limited to, the Real Properties, and monies contained in the Claims Distribution Fund shall vest in the Debtors in accordance with §§ 1141(a), (b) and (c) of the Bankruptcy Code, free and clear of all liens, claims or other interests in such property. Upon entry of a Confirmation Order, a discharge shall be entered in favor of the Debtors pursuant to §§ 524 and 1141 of the Bankruptcy Code inasmuch as the Debtors are individuals.

4.3. Unless otherwise ordered by the Bankruptcy Court, all Cash Distributions contemplated by the Plan shall only occur on or subsequent to the Effective Date. All Cash Distributions under the Plan shall be paid in the manner generally set forth in Article III of the Plan.

4.4.   Disbursing Agent.  L. Jeanette Rice, Esquire shall act as the disbursing agent for the purpose of making all distributions provided under the Plan.  The Disbursing Agent shall serve without bond and upon application for and approval by the Court, shall receive payment in quarterly installments at its regular hourly rates for distribution services rendered and expenses pursuant to the Plan.

4.5.   Notwithstanding anything to the contrary in the Plan, pursuant to the defined Disputed Claims Procedure, all Cash Distributions necessary to satisfy the Allowed Claim of any Disputed Claim will be held by the Debtors to the extent of available Cash Distributions pending resolution of the Disputed Claim by the Court.

## ARTICLE V
## CRAM DOWN

5.1. In order to confirm the Plan, among other things, the Debtors must establish that, in accordance with § 1129(a)(8) of the Bankruptcy Code, each Class of Claims or Interests either (i) has accepted the Plan or (ii) is not Impaired under the Plan.

In the event that this requirement cannot be satisfied, however, and all other applicable requirements for confirmation under § 1129(a) of the Bankruptcy Code are met, the Debtors may, and hereby do, invoke the "cramdown" entitlement under § 1129(b) of the Bankruptcy Code, such that, as long as the Plan does not discriminate unfairly, and is fair and equitable, with respect to any Class of Claims or Interests that is impaired under, and has not accepted, the Plan, the Plan may be confirmed by the Bankruptcy Court.

## ARTICLE VI
## MODIFICATION OF THE PLAN

6.1. The Debtors may modify this Plan at any time prior to the Effective Date as permitted by § 1127(a) of the Bankruptcy Code. If so modified, after the Debtors file the modification with the Bankruptcy Court, the Plan as modified becomes the Plan.

6.2. The Debtors may modify this Plan at any time after the Effective Date and before substantial consummation of this Plan as permitted by §§ 1101(2) and 1127(b) of the Bankruptcy Code. The Plan as so modified under this subsection becomes the Plan only if the Bankruptcy Court, after notice and a hearing, confirms such Plan as modified under § 1127 of the Bankruptcy Code.

6.3. Before or after the Confirmation Date, or in the Confirmation Order, the Debtors or the Bankruptcy Court may remedy any defect or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such a manner as may be necessary to carry out the provisions, purposes and effect of the Plan.

# ARTICLE VII
# DISCHARGE

7.1. Discharge.

Upon the confirmation of the Plan, by Court Order, all of the remaining claims asserted against the Debtors by creditors in each class included the Plan, shall be, to the fullest extent permitted by §1141 of the Bankruptcy Code, satisfied, settled, released and discharged as against the Debtors, for any debt that arose before the Confirmation Date and any debt of a kind specified in §§502 and 503 of the Bankruptcy Code and all claims of any nature, whether or not (i) a proof of claim based on such debt or obligation is filed or deemed filed under §501 of the Bankruptcy Code, (ii) such Claim is allowed under §502 of the Bankruptcy Code, or (iii) the holder of such Claim has accepted the Plan.

Accordingly, upon the Effective Date, all persons or entities which could have been claimants, and all actual claimants listed herein, shall be precluded from asserting any Claim against Debtors, based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, and the Confirmation Order shall permanently enjoin all such person or entities, and their successors and assigns, from enforcing or seeking to enforce any such Claim against the Debtors.

# ARTICLE VIII
# DISPUTED CLAIMS

8.1. Any party objecting to Claims that were made and existed or arose on or before the Petition Date, or that are listed as undisputed, non-contingent and liquidated in the Debtors' Schedules, must file such objection within ninety (90) days following the Effective Date, or on such later date as may be permitted by the Court for excusable

neglect or other factors identified at Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b).

The purpose of this provision is to afford all parties in interest the timely finality

necessary to either disallow any Disputed Claim by objection and Court Order, or to have

such Disputed Claim determined to be an Allowed Claim in whole or in part after

objection and Court Order. The Debtors may file lien avoidance or "strip down" or

valuation proceedings pursuant to 11 U.S.C. §§ 105(a), 506(a), (d) and Fed. R. Bankr. P.

3012, by motion or adversary proceeding within 90 days following the Effective Date, or

on such later date as may be permitted by the Court for excusable neglect or other factors

identified at Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b).

8.2. The acceptance of any vote of any Claim or Interest by the Debtors shall not

constitute an acceptance of such Claim or Interest for any purpose other than voting, nor

shall the Debtors be deemed estopped from objecting to any Claim or Interest on such

grounds. The recognition of any Claim or Interest by the Debtors for any purpose(s)

preceding the entry of the Confirmation Order during the Chapter 11 Case shall not

constitute a waiver of the Debtors' duty to its estate to investigate all Claims and Interests

for objection. The Debtors reserve the right to object to any Claim or Interest and to treat

same as a Claim or Interest other than an Allowed Claim or Allowed Interest under the

Plan.

## ARTICLE IX
## CONTRACTS AND UNEXPIRED LEASES

9.1. Any and all executory contracts and unexpired leases within the meaning

of § 365(a) of the Bankruptcy Code which have not been assumed or rejected shall be

deemed to have been rejected by the Debtors upon the Confirmation Date. An exception

to this shall be any leases which the Debtors is a party to respective to the Real

Properties, which shall be assumed provided consent of the non-Debtors tenant exists.


**ARTICLE X**
**RETENTION OF JURISDICTION  AND**
**RESERVATION OF RIGHT TO REQUEST ORDER OF FULL**
**ADMINISTRATION PRIOR TO PLAN COMPLETION**

10.1. Upon entry of a Confirmation Order, the Plan shall be administered by the

Debtors throughout its term. The Bankruptcy Court shall retain limited and continuing

jurisdiction over the Debtors and its Chapter 11 proceedings through and including the

date that all Claims have been satisfied in the manner required under this Plan to the

extent permitted under the Bankruptcy Code, including but not limited to, 11 U.S.C. §

1143.

10.2. The Court may address any of the matters over which it has hereby

retained continuing jurisdiction, which include inter alia, to determine any and all

controversies and disputes arising under, or in conjunction with the Plan including, but

not limited to, issuing any orders appropriate under § 105 of the Bankruptcy Code; to

effectuate payments under, and performance of, the provisions of the Plan, to modify the

terms of the Plan; and to determine such other matters and acts for such other purposes as

may be provided for in the Confirmation Order, and such matters provided for under §

1142 of the Code.

10.3. The Bankruptcy Court will retain jurisdiction of this case for certain matters

following the entry of an Order confirming the plan. Debtors reserve the right to request

an Order of Full Administration Final Decree, at any time subsequent to the

commencement of payments or "distributions" to creditors under the Plan. Specifically, Debtors may file a Motion to Recognize Substantial Consummation of the Plan and seek entry of an Order of Full Administration, following such "substantial consummation" of the Plan as defined under 11U.S.C. § 1101(2), combined with a Request for Final Decree. The Final Decree will not be entered in this case until all distributions to all Allowed Claims have occurred and until all Administrative Expense Claims, including United States Trustee fees, have been paid. Debtors' Chapter 11 case will be closed should the above referenced Motion to Recognize Substantial Consummation of the Plan be granted. Debtors will continue to perform under the Plan as though the Chapter 11 Case were open up to and including the time that Debtors have completed all distributions under the Plan.

Any party in interest may seek relief provided for in this Plan by reopening the Chapter 11 Case through the term of the Plan until all distributions have been completed. This is not intended to diminish or lessen the Court's jurisdiction preserved over this Chapter 11 Case. The purpose of the action is to avoid the payment of quarterly fees to the United States Trustee following substantial consummation of the Plan, by dismissal as contemplated by 28 U.S.C. § 1930(a)(6). By entry of the Confirmation Order the provisions of Local Bankruptcy Court Rule 3022-1(a)(1) and (2) shall be waived in respect of this Plan; however, the entry of the Confirmation Order shall give authority for only Local Rule 3022-1(a)(3) to apply to this Chapter 11 Case. As a result, Debtors may need to seek to reopen the Chapter 11 case in order to obtain a discharge based upon the requirement that all distributions under the Plan be completed before a final decree may issue. No retroactive quarterly fees to the Office of the United States Trustee will be

recaptured or realized against the Debtors as a consequence of reopening the Chapter 11
Case for a discharge.


## ARTICLE XI
## PREFERENCES AND AVOIDABLE TRANSFERS

11.1. Any action by the Debtors to recover property of the estate and avoid any
transfer pursuant to §§ 542, 543, 544, 547, 548 or 549 of the Bankruptcy Code shall be
commenced by the filing of a complaint pursuant to Bankruptcy Rule 7003 within the
applicable period of time presented by the statute of limitations within Title 11 or
otherwise as set by the Court.

## ARTICLE XII
## EQUITY INTEREST HOLDERS

12.1. The Equity Interest Holders interests shall vest anew upon the
Confirmation Date based upon the new value contributions being made; however, no
Insider shall receive money, property on account of his or her pre-petition Equity Interest.

## ARTICLE XIII
## SCOPE OF ENGAGEMENT OF COUNSEL

13.1. Counsel for the Debtors in possession shall remain engaged, absent a
request to withdraw appearance, until the entry of a final Decree, or dismissal and/or
conversion of this Chapter 11 Case.   Counsel shall be compensated at the same rate and
manner as provided in the Disclosure of Compensation and as approved by the
Bankruptcy Court.

## ARTICLE XIV
## MISCELLANEOUS

14.1. Upon the Confirmation Date, the entry of the Confirmation Order shall supersede, amend and modify any prior Orders entered by this Court, or any other court, to the extent such prior Orders are inconsistent with the terms or effect of the Plan. This effect shall include, but not be limited to, any Orders of the Bankruptcy Court, or any other Court of competent jurisdiction. .

14.2. Except for any default or event of default which occurs under the terms of the Plan, if any Creditor holding an Allowed Claim fails to receive a Cash Distribution as provided under the Plan, or if any Creditor wishes to dispute the Debtor's compliance with the Plan, such Creditor shall serve upon the Debtors written notice thereof, and the Debtors shall not be deemed to be in default of the provisions of this Plan unless the Debtors fails to cure or fails to take any other affirmative response within 20 days from its uncontested receipt of service.

14.3.   Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

14.4.   Effective Date of Plan.  The effective date of this Plan is the 30th business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

14.5.   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.


/s/ Shelton Burton and Shelandra Burton
Shelton Burton and Shelandra Burton
Debtors

/s/ L. Jeanette Rice
L. Jeanette Rice, Esquire No. 12933
WALSH, BECKER, MOODY & RICE
14300 Gallant Fox Lane, Suite 218
Bowie, MD 20715
Tel. (301) 262-6000
riceesq@att.net
Attorney for Debtors