As part of confirming the plan, this order also approves the disclosure statement (Dkt. No. 339) that was disseminated regarding that plan.



S. MARTIN TEEL, JR.
U. S. BANKRUPTCY JUDGE
SITTING BY DESIGNATION

## IN THE UNITED STATES BANKRUPTCY
## DISTRICT OF MARYLAND

IN RE:  Shelton Antoine Burton  　　　　　　　　　Case No.: 10-20691
　　　　Shelandra Levette-Burton  　　　　　　　　Chapter 11

　　　　　　**Debtors**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER CONFIRMING PLAN

The plan under Chapter 11 of the Bankruptcy Code filed by Shelton Antoine Burton and Shelandra Levette-Burton, on March 20, 2015, having been transmitted to creditors and equity security holders; and

It having been determined after hearing on notice that the requirements for confirmation set forth in 11 U.S.C. § 1129(a) or 11 U.S.C. § 1129(b) have been satisfied;

IT IS ORDERED that:

The plan filed by Shelton Antoine Burton and Shelandra Levette-Burton, on March 20, 2015 is confirmed and within 10 days after entry of this order, counsel for the Debtor shall serve a copy of this Order Confirming Plan and the Plan to all interested parties and all creditors.

A copy of the confirmed plan is attached.

END OF ORDER

**IN THE UNITED STATES BANKRUPTCY**
**DISTRICT OF MARYLAND**
**(Greenbelt Division)**

IN RE:  Shelton Antoine Burton                                    Case No.: 10-20691
        Shelandra Levette-Burton                              Chapter 11
        Debtors
*************************************************************

**PROPOSED PLAN OF REORGANIZATION**

      The Debtors, Shelton Burton and Shelandra Levette-Burton, by and through their undersigned attorney, L. Jeanette Rice of Walsh, Becker, Wood & Rice, file this Plan of Reorganization (the "Plan"), pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. and, upon entry of an Order of Confirmation, agree to be bound hereby.

**ARTICLE I**
**DEFINITIONS**

      For purposes of this Plan, unless the context otherwise requires, the following terms (or those found elsewhere defined in this Plan) shall have the respective meanings hereinafter set forth:

      1.1. "Administrative Expense Claim" shall mean, collectively, (a) any cost or expense of administration of the Chapter 11 Case allowable under section 503(b) of the Bankruptcy Code, including, without limitation, the fees and expenses of professionals employed by the Debtor pursuant to Article II of this Plan (including without limitation costs and expenses arising from and after the Confirmation Date through the Effective Date), and (b) any fees or charges assessed against the Debtors' Estate under Section 1930, Title 28, United States Code.

      1.2. "Allowed Amount" or "Allowed Claim" shall mean (a) the amount of a Claim for which a proof of Claim has been filed, or amended if necessary, with the Bankruptcy Court by the Bar Date, to which no objection has been interposed, and which is not a Disputed Claim under the Plan, (b) if no proof of Claim is timely filed, the amount of any Claim listed in the Schedules, including any timely amendments thereto, which is not listed as disputed, contingent or liquidated as to amount, unless such a Disputed Claim under the Plan, and (c) if an objection to the allowance of any Claim has been filed, or if such Claim was designated a Disputed Claim under the Plan, the amount of such Claim allowed by Final Order of the Bankruptcy Court or by agreement of the Debtors

      1.3. "Allowed Secured Claim" shall mean that portion of an Allowed Claim which is secured by a properly perfected, non-avoidable lien or security interest in property of the estate to the extent of the value of that property relative to the priority of the lien or security interest asserted relative to any other Allowed Secured Claim in the same property or estate.

      1.4. "Bankruptcy Code" shall mean Title 11 of the United States Code.

1

1.5.  "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Maryland.

1.6.  "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure Currently in effect, as amended.

1.7.  "Bar Date" shall mean the deadline established by the Bankruptcy Court as the date by which Claims which must be filed shall be filed.

1.8.  "Chapter 11 Case" shall mean the Chapter 11 case of Shelton and Shelandra Burton, Case No.: 10-20691.

1.9.  "Claim" shall have the meaning set forth in Section 101 of the Bankruptcy Code.

1.10.  "Class" shall mean any class of creditors or interest holders as established by the Plan.

1.11.  "Confirmation Date" shall mean when the Confirmation Order becomes a Final Order.

1.12.  "Confirmation Order" shall mean the order of the Bankruptcy Court confirming this Plan.

1.13.  "Creditor" shall have the meaning set forth in Section 101 of the Bankruptcy Code.

1.14. "Debtors" means, Shelton and Shelandra Burton.

1.15.  "Deficiency Claim" shall mean a Claim arising from any Outstanding Debt owed by the Debtors, which exceeds any Allowed Secured Claim of any consensually secured creditor.

1.16.  "Disputed Claim" shall mean any Claim for which an Allowed Amount has not yet been determined or a Claim as to which an Allowed Amount is not disputed, but rather the allowed status is disputed, such as the difference between a secured claim versus an unsecured claim.

1.17. "Disallowed Claim" shall mean a Claim that has been objected to and which has not been ruled upon to be an Allowed Claim thereafter, or a Claim that is otherwise declared not an Allowed Claim by the Bankruptcy Court based upon a contested matter or adversary proceeding.

1.18. "Effective Date" shall mean 30 days following the Confirmation Date, or the next business day thereafter if such date would be a holiday or weekend.

1.19. "Equity Interest Holder" shall mean the individual Debtors.

1.20. "Estate" shall mean the Chapter 11 bankruptcy estate of the Debtors.

1.21. "Face Amount" shall mean, with respect to a particular Claim:

(a) if the holder of such Claim has not filed a proof of Claim with the Bankruptcy Court by the Bar Date, the amount if any, for which such Claim is listed in the Schedules as fixed, undisputed, non-contingent and liquidated; or

(b) if the holder of such Claim has filed a proof of claim with the Bankruptcy Court by the Bar Date, the amount stated in such proof of Claim, unless such Claim is a Disputed Claim; or

(c) with respect to an Administrative Expense Claim in the form of an application for allowance of compensation or reimbursement of expenses of Professional Persons filed and pending in the Bankruptcy Court, the net amount to which such professional would be entitled if its application were to be granted in full.

1.22. "Final Order" shall mean an order of a court from which the time for appeal and reconsideration under Bankruptcy Rules 8002 and 9023 has expired without the commencement of an appeal or request for reconsideration, or an order of a court as to which an appeal or reconsideration has been taken, and where such order has been affirmed by appeal, or, in the case of reconsideration, such request for reconsideration has been denied, and no appeal from such denial of the request for reconsideration has been taken.

1.23. "Impaired" shall refer to any Class of Claims or Interests treated under the Plan in such a manner as described pursuant to § 1124 of the Bankruptcy Code.

1.24. "Interest" shall mean the ownership interest(s) held by an Equity Interest Holder.

1.25. "Outstanding Debt" shall mean the Allowed Amount owed by the Debtors to any secured creditor.

1.26. "Petition Date" shall mean January 21, 2011, the date the Debtors voluntarily commenced their Chapter 11 Case pursuant to the provisions of the Bankruptcy Code.

1.27. "Plan" shall mean this Plan of Reorganization, and any and all modifications or corrections hereof or amendments or supplements hereto.

1.28. "Priority Status" shall mean the priority in distribution, which is afforded to Certain Claims against the Debtors pursuant to § 507(a) of the Bankruptcy Code.

1.29. "Pro-Rata" shall mean:

(a) with respect to Allowed Claims, the same proportion that the Allowed Amount of a Claim of a Creditor in any Class of Claims bears to the aggregate of: (i) the Allowed Amount of all Claims of that particular Class of Claims or other Classes of Claims if applicable; plus (ii) the aggregate Face Amount of all Claims which are subject to dispute

3

as of the Confirmation Date of that particular Class of Claims or other Classes of Claims if applicable, as reduced from time to time as and to the extent that the Disallowed Amount of such Claims is determined, and

(b) with respect to Disputed Claims, the same proportion that the Face Amount of a Disputed Claim of a creditor in any Class of Claims bears to the aggregate of:
(i) the Disputed Amount of all Claims of that particular Class of Claims or other Classes of Claims if applicable; plus (ii) the aggregate Face Amount of all Claims which are subject to dispute as of the Confirmation Date of that particular Class of claims or other Classes of Claims if applicable, as reduced from time to time as and to the extent that the Disallowed Amount of such Claims is determined.

1.30. "Secured Creditor" shall mean the holder an Outstanding Debt and an Allowed Secured Claim.

1.31. "Unsecured Claim" shall mean a Claim, which is not an Administrative Expense Claim, an Allowed Secured Claim, an Allowed Deficiency Claim, an Administrative Convenience Claim, or a Claim otherwise entitled to Priority Status, if any, and is equivalent in priority to a Deficiency Claim.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.1. **Class 1**.   All Secured claims to the extent allowed as a secured claim under § 506 of the Code.
2.3. **Class 2**.    All unsecured claims allowed under § 502 of the Code.
2.4. **Class 3**.   Equity Interest Holders: The interests of the individual Debtors in property of the estate.

## ARTICLE III
## TREATMENT OF CLAIMS AND INTEREST UNDER THE PLAN

**3.1. Unclassified Claims**.  Under section §1123(a)(1), administrative expense claims and priority tax claims are not in classes.

**3.2. Priority Tax Claims**.  Each holder of a priority tax claim will be paid consistent with § 1129(a)(9)(C) of the Code.  **The Debtors have no Priority tax claims.**

**3.3. United States Trustee Fees**.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

**3.4. Administrative Expense Claims**.  Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

The following chart lists the Debtors' estimated administrative expenses and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Professional Fees, as approved by the Court. | **$25,000 (Estimated)** | Paid in full on the effective date of the Plan, or according to separate written agreement, or according to court order if such fees have not been approved by the Court on the effective date of the Plan |
| Clerk's Office Fees | **$0.00** | N/A |
| Office of the U.S. Trustee Fees | **$0.00** | Paid as incurred |
| TOTAL | **$25,000 (Estimated)** | |

**3.5. Priority Unsecured Claims.** Certain priority claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a claim receive cash on the effective date of the Plan equal to the allowed amount of such claim. However, a class of holders of such claims may vote to accept different treatment. **Debtors have no Priority Unsecured Claims.**

**3.6. Class 1:** Allowed Secured Claims are claims secured by property of the Debtors' bankruptcy estate (or that are subject to setoff) to the extent allowed as secured claims under § 506 of the Code. If the value of the collateral or setoffs securing the creditor's claim is less than the amount of the creditor's allowed claim, the deficiency will be classified as a general unsecured claim.

The following chart lists all classes containing Debtors' secured prepetition claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1A | *BAC Home Loan Svc. Line of Credit on 7229 Lansdale Street, District Heights, MD 20747 – Third lien. Proof of Claim # 4.* | No | **Not Impaired** | Loan forgiven by Bank of America. Certificate of Satisfaction filed in the Circuit Court for Prince George's County, Maryland at Liber 34365 Folio 603 on February 5, 2013. Order Granting Motion to Avoid Lien entered on 10/11/12 at Doc. # 177. |

5

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1B | *Nationstar Mortgage, LLC Mortgage on 609 Hillview Road, Baltimore, MD 21225 – First mortgage.* | No | impaired | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $193.27 per months (30 year amortization of principal of $35,000 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. Order Granting Debtors' Motion to Value Collateral entered on 10/11/12 at Doc. # 178. |
| 1C | *Specialized Loan Servicing/ Wells Fargo Bank, NA. Lien on 2804 Eastshire Drive, Baltimore, MD 21230. First mortgage. Proof of Claim # 27.* | No | Impaired | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $201.18 per months (30 year amortization of principal of $36,443.00 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. Debt has not been altered by prior court order but will be altered by confirmation order. |
| 1D | *Bank of America Lien on 12706 Macduff Drive, Ft. Washington, MD 20744 (Primary Residence) – Second mortgage. (No proof of claim filed)* | No | **Not Impaired** | Loan forgiven by Lender. Notice from Lender dated January 28, 2015. |
| 1E | *Bank of America Lien on 2130 Park Ave, Baltimore, MD 21217. Line of Credit. (No proof of claim filed)* | No | Impaired | Lien to be stripped off and claim treated as general unsecured due to lack of equity to support lien. Property valued at $35,000.00. Lien identified in Order entered granting Motion to Avoid Lien Held by Bank of America, N.A. on 01/31/2013 Doc. # 224. |
| 1F | *Bank of America Lien on 7229 Lansdale Street, District Heights, MD 20747 – 2nd mortgage. (No proof of claim filed)* | No | Impaired | Lien will be stripped off due to loan forgiveness by Bank of America. Order Granting Motion to Avoid Lien entered on 12/20/12 Doc. # 207. |

6

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1G | *Bank of America Lien on 5920 Ottawa Street, Oxon Hill, MD 20745. Second mortgage - line of credit. (No proof of claim filed)* | No | **Not Impaired** | Loan forgiven by Bank of America. Certificate of Satisfaction filed in the Circuit Court for Prince George's County, Maryland at Liber 34304 Folio 313 on January 18, 2013. |
| 1H | *EMC Mortgage Lien on 902 Chauncey Ave, Baltimore, MD 21217. Second mortgage. (No proof of claim filed)* | No | **Impaired** | Debtors have surrendered the property in full satisfaction of the debt. Motion for Relief from Automatic Stay granted on 09/18/13 – Doc. # 243. Any deficiency claim will be treated as an unsecured claim under class 2. |
| 1I | *FNMA/Seterus Lien on 2130 Park Ave, Baltimore, MD 21217. First mortgage. Proof of Claim # 15.* | No | **Impaired** | Monthly payments of $283.64 beginning 30 days after the Effective Date for a period of 258 months on principal of $46,840.35 at 4.5% interest. In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. Consent Order entered on 11/30/12. |
| 1J | *FNMA/Seterus Lien on 528 Richwood Ave, Baltimore, MD 21212. First mortgage. Proof of Claim # 16.* | No | **Impaired** | Monthly payments of $256.70 beginning 30 days after the Effective Date for a period of 258 principal of $42,391.20 at 4.5% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. Consent Order entered on 11/30/12. |
| 1K | *Greentree Servicing LLC. Lien on 12706 MacDuff Drive, Ft. Washington, MD 20744 (Primary Residence). First mortgage. Proof of Claim # 7.* | No | **Impaired** | Monthly payments are current and will continue pursuant to the original loan terms. Arrears of $4,652.53 are reported on the proof of claim. Debtors intend to file an objection to the proof of claim with respect to the amount of arrears. If Debtors' objection is not sustained, Debtors will pay the arrears at $387.71 per month for period of 12 months. In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. |

7

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1L | *Bank of New York Mellon Trust Company c/o Ocwen Loan Servicing Lien on 3226 Brendan Ave, Baltimore, MD 21213. First mortgage. Proof of Claim # 5.* | No | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $165.66 per months (30 year amortization of principal of $30,000 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. This debt has not been altered by court order but will be altered by the confirmation order. |
| 1M | *Ocwen Loan Servicing Lien on 5017 Midwood Ave, Baltimore, MD 21212. First mortgage. Proof of Claim # 21.* | No | **Impaired** | Debtors have surrendered the property in full satisfaction of the debt. Any deficiency claim will be treated as an unsecured claim under class 2. |
| 1N | *PNC Mortgage Lien on 5920 Ottawa Street, Oxon Hill, MD 20745. First mortgage. Proof of Claim # 2.* | No | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $342.37 per months (30 year amortization of principal of $62,000.00 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. Order Granting Motion to Value Collateral and to Modify Secured Claim entered on 11/15/12 at Doc. # 192.00 |
| 1O | *PNC Mortgage Lien on 407 Seagull Ave, Baltimore, MD 21225. First Mortgage. Proof of Claim # 3.* | No | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $165.66 per months (30 year amortization of principal of $30,000 at 5.25% interest). In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. Order Granting Debtors' Motion to Value Collateral and to Modify Secured Claim granted at 11/28/12 at Doc. # 196. |

8

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1P | *Nationstar Mortgage c/o Ocwen Loan Servicing Lien on 2420 Callow Ave, Baltimore, MD 21217.  First Mortgage. Proof of Claim # 9.* | **No** | **Impaired** | Debtors have surrendered the property in full satisfaction of the debt. Order Granting Relief From Automatic Stay entered on 09/18/13. Any deficiency claim will be treated as an unsecured claim under class 2. |
| 1Q | *Nationstar Mortgage, LLC c/o Ocwen Loan Servicing Lien on 2500 Brookfield Ave, Baltimore, MD 21217. First Mortgage.  Proof of Claim # 8 and 25.* | **No** | **Impaired** | Debtors have surrendered the property in full satisfaction of the debt. Order Granting Relief From the Automatic Stay entered on 2/14/13. Any deficiency claim will be treated as an unsecured claim under class 2. |
| 1R | *SunTrust Mortgage, Inc. Lien on 902 Chauncy Ave, Baltimore, MD 21217.  First Mortgage. Proof of Claim # 6.* | **No** | **Impaired** | Debtors have surrendered the property in full satisfaction of the debt.  Order Granting Relief From Automatic Stay entered on 01/01/12 Doc. # 130. Any deficiency claim will be treated as an unsecured claim under class 2. |
| 1S | *Wells Fargo Home Mortgage Lien on 7229 Lansdale Street, District Heights, MD 20747.  First Mortgage.  Proof of Claim # 26.* | **No** | **Impaired** | Monthly payments beginning 30 days after the Effective Date for a period of 360 months at $705.64 per month (30 year amortization of principal of $127,787 at 5.25% interest).  In addition to the principal and interest payment, Debtors will pay the property taxes and insurance. This debt has not been altered by prior court order but will be altered by the confirmation order. |

9

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1T | *Wells Fargo Lien on 12706 MacDuff Drive, Ft. Washington, MD 20744 (Primary Residence) 3rd lien. Proof of Claim # 17.* | No | Impaired | Lien to be stripped off and claim treated as general unsecured due to lack of equity to support lien. Property valued at $229,000 with senior liens of $285,645.46.  Lien identified in Order granting Motion to Avoid Lien Held by Wells Fargo, N.A./Wachovia Bank N.A. entered on 10/30/12 – Doc. # 184. Release filed in the Circuit Court for Prince George's County, Maryland on November 18, 2014 at Liber 36485 Folio 385.  Debtors will file objection to proof of claim. |

        3.7.     **Class 2:  Allowed Unsecured Claims**. Class 2 Consists of all general unsecured claims against the Debtors.  Holders of Class 2 Claims will be paid, *pro rata* a total of **$40,000.00** over five years (5) years in adjustable annual installments commencing thirty days after the Effective Date without interest.

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| 2 | General Unsecured Claims | Impaired; claims in this class are entitled to vote on the Plan.  Claims will be paid *pro rata.* | Annual payments beginning thirty (30) day after the Effective Date of the Plan and continuing on the anniversary date of the Effective Date of the Plan as follows:<br>Year 1:  $8,000.00<br>Year 2:  $8,000.00<br>Year 3:  $8,000.00<br>Year 4:  $8,000.00<br>Year 5:  $8,000.00<br>Total Paid: $40,000.00 |

        **3.8. Class 3:  Equity Interest**.  This class is Impaired.  Upon confirmation of this Plan, the Debtors shall retain all of their property, including all real estate, personal property, vehicles, animals, equipment, fixtures, furniture and furnishings, inventory, accounts, contract rights and leases, except as otherwise provided herein. All such property shall be retained by the Debtors subject to the liens as described herein.  The Debtors shall be free to operate their businesses without restriction and to use, sell or otherwise dispose of their property, or obtaining financing

in a manner not inconsistent with this Plan or any Order issued by the United States Bankruptcy Court. The Equity Interest Holders interests shall vest anew upon the Confirmation Date based upon the new value contributions being made consisting of contribution of the Debtors' exempt funds in an amount sufficient to make the full payment to the unsecured creditors under paragraph 3.7; however, no Insider shall receive money, property on account of his or her pre-petition Equity Interest.

**3.9. Disputed Claim**. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IV
## MEANS OF EXECUTION OF PLAN

4.1. This Plan is a reorganization plan under § 1129(a) and (b) of the Bankruptcy Code. Revenues to fund the Plan will be derived from the Debtors' rental income, wages and contribution of exempt retirement funds.

4.2. Except as otherwise specifically provided in this Plan, upon the Confirmation Date, title to all remaining property of the Debtors Chapter 11 estate, including, but not limited to, the Real Properties shall vest in the Debtors in accordance with §§ 1141(a), (b) and (c) of the Bankruptcy Code, free and clear of all liens, claims or other interests in such property.

4.3. Unless otherwise ordered by the Bankruptcy Court, all Cash Distributions contemplated by the Plan shall only occur on or subsequent to the Effective Date. All Cash Distributions under the Plan shall be paid in the manner generally set forth in Article III of the Plan.

4.4. Disbursing Agent. L. Jeanette Rice, Esquire shall act as the disbursing agent for the purpose of making all distributions provided under the Plan. The Disbursing Agent shall serve without bond and upon application for and approval by the Court, shall receive payment in quarterly installments at her regular hourly rates for distribution services rendered and expenses pursuant to the Plan.

## ARTICLE V
## CRAM DOWN

5.1. In order to confirm the Plan, among other things, the Debtors must establish that, in accordance with § 1129(a)(8) of the Bankruptcy Code, each Class of Claims or Interests either (i) has accepted the Plan or (ii) is not Impaired under the Plan. In the event that this requirement cannot be satisfied, however, and all other applicable requirements for confirmation under § 1129(a) of the Bankruptcy Code are met, the Debtors may, and hereby do, invoke the "cramdown" entitlement under § 1129(b) of the Bankruptcy Code, such that, as long

as the Plan does not discriminate unfairly, and is fair and equitable, with respect to any Class of Claims or Interests that is impaired under, and has not accepted, the Plan, the Plan may be confirmed by the Bankruptcy Court.

## ARTICLE VI
## MODIFICATION OF THE PLAN

6.1. The Debtors may modify this Plan at any time prior to the Effective Date as permitted by § 1127(a) of the Bankruptcy Code. If so modified, after the Debtors file the modification with the Bankruptcy Court, the Plan as modified becomes the Plan.

6.2. The Debtors may modify this Plan at any time after the Effective Date and before substantial consummation of this Plan as permitted by §§ 1101(2) and 1127(b) of the Bankruptcy Code. The Plan as so modified under this subsection becomes the Plan only if the Bankruptcy Court, after notice and a hearing, confirms such Plan as modified under § 1127 of the Bankruptcy Code.

6.3. Before or after the Confirmation Date, or in the Confirmation Order, the Debtors or the Bankruptcy Court may remedy any defect or omission, or reconcile any inconsistencies in the Plan or amend the Plan, in such a manner as may be necessary to carry out the provisions, purposes and effect of the Plan.

## ARTICLE VII
## DISCHARGE

7.1.  Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code.  The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.  The Debtor, Shelandra Burton, received a discharge in a previous Chapter 7 case and is not eligible for a discharge in this case.

## ARTICLE VIII
## CONTRACTS AND UNEXPIRED LEASES

8.1. Any and all executory contracts and unexpired leases within the meaning of § 365(a) of the Bankruptcy Code which have not been assumed or rejected shall be deemed to have been rejected by the Debtors upon the Confirmation Date. Except the Debtors shall assume all leases on their rental properties provided consent of the tenant exists.

## ARTICLE IX
## RETENTION OF JURISDICTION AND
## RESERVATION OF RIGHT TO REQUEST ORDER OF FULL ADMINISTRATION
## PRIOR TO PLAN COMPLETION

9.1. Upon entry of a Confirmation Order, the Plan shall be administered by the Debtors throughout its term. The Bankruptcy Court shall retain limited and continuing jurisdiction over the Debtors and its Chapter 11 proceedings through and including the date that all Claims have been satisfied in the manner required under this Plan to the extent permitted under the Bankruptcy Code, including but not limited to, 11 U.S.C. § 1143.

9.2. The Court may address any of the matters over which it has hereby retained continuing jurisdiction, which include inter alia, to determine any and all controversies and disputes arising under, or in conjunction with the Plan including, but not limited to, issuing any orders appropriate under § 105 of the Bankruptcy Code; to effectuate payments under, and performance of, the provisions of the Plan, to modify the terms of the Plan; and to determine such other matters and acts for such other purposes as may be provided for in the Confirmation Order, and such matters provided for under § 1142 of the Code.

9.3. The Bankruptcy Court will retain jurisdiction of this case for certain matters following the entry of an Order confirming the plan. Debtors reserve the right to request an Order of Full Administration Final Decree, at any time subsequent to the commencement of payments or "distributions" to creditors under the Plan. Specifically, Debtors may file a Motion to Recognize Substantial Consummation of the Plan and seek entry of an Order of Full Administration, following such "substantial consummation" of the Plan as defined under 11 U.S.C. § 1101(2), combined with a Request for Final Decree. The Final Decree will not be entered in this case until all distributions to all Allowed Claims have occurred and until all Administrative Expense Claims, including United States Trustee fees, have been paid. Debtors' Chapter 11 case will be closed should the above referenced Motion to Recognize Substantial Consummation of the Plan be granted. Debtors will continue to perform under the Plan as though the Chapter 11 Case were open up to and including the time that Debtors have completed all distributions under the Plan.

9.4. Any party in interest may seek relief provided for in this Plan by reopening the Chapter 11 Case through the term of the Plan until all distributions have been completed. This is not intended to diminish or lessen the Court's jurisdiction preserved over this Chapter 11 Case. The purpose of the action is to avoid the payment of quarterly fees to the United States Trustee following substantial consummation of the Plan, by dismissal as contemplated by 28 U.S.C. § 1930(a)(6). By entry of the Confirmation Order the provisions of Local Bankruptcy Court Rule 3022 (2) shall be waived in respect of this Plan; however, the entry of the Confirmation Order shall give authority for only Local Rule 3022-1(a)(3) to apply to this Chapter 11 Case. As a result, Debtors may need to seek to reopen the Chapter 11 case in order to obtain a discharge based upon the requirement that all distributions under the Plan be completed before a final decree may issue. No retroactive quarterly fees to the Office of the United States Trustee will be recaptured or realized against the Debtors as a consequence of reopening the Chapter 11 Case for a discharge.

## ARTICLE X
## SCOPE OF ENGAGEMENT OF COUNSEL

10.1. Counsel for the Debtors in possession shall remain engaged, absent a request to withdraw appearance, until the entry of a final Decree, or dismissal and/or conversion of this Chapter 11 Case.

10.2. Counsel will be compensated for any post confirmation services at the same rate as provided in the Disclosure of Compensation Statement filed with this Court. Counsel will apply to the Bankruptcy Court for approval of pre-confirmation compensation within 60 days of the Confirmation Order.

## ARTICLE XI
## MISCELLANEOUS

11.1. Upon the Confirmation Date, the entry of the Confirmation Order shall supersede, amend and modify any prior Orders entered by this Court, or any other court, to the extent such prior Orders are inconsistent with the terms or effect of the Plan. This effect shall include, but not be limited to, any Orders of the Bankruptcy Court, or any other Court of competent jurisdiction. This excludes any prior Orders addressing adequate assurance of payment, and administrative expenses, which shall survive the Confirmation Order to the extent inconsistent.

11.2. Except for any default or event of default, which occurs under the terms of the Plan, if any Creditor holding an Allowed Claim fails to receive a Cash Distribution as provided under the Plan, or if any Creditor wishes to dispute the Debtors' compliance with the Plan, such Creditor shall serve upon the Debtors written notice thereof, and the Debtors shall not be deemed to be in default of the provisions of this Plan unless the Debtors fails to cure or fails to take any other affirmative response within 20 days from receipt of service.

11.3. Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

11.4. Effective Date of Plan. The effective date of this Plan is the 30th business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

11.5. Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

11.6. Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

      11.7.   Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

                                                      <u>/s/ Shelton Burton</u>
                                                      Shelton Burton, Debtor

                                                      <u>/s/ Shelandra Burton</u>
                                                      Shelandra Burton, Debtor


                                                     <u>/s/ L. Jeanette Rice</u>
                                                     L. Jeanette Rice, Esquire No. 12933
                                                     WALSH, BECKER, WOOD & RICE
                                                     14300 Gallant Fox Lane, Suite 218
                                                     Bowie, MD 20715
                                                     Tel. (301) 262-6000
                                                     riceesq@att.net
                                                     Attorney for Debtors